# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

v.

**JAMES KOBI PEARSON**

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:16-mj-0366

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Between March 2015 and May 2016, in Marion County and elsewhere, in the Southern District of Indiana, defendant did,

Count 1, Noticing or Advertising Child Pornography, in violation of 18.U.S.C. § 2251(d); and
Count 2, Distribution and Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2).

I further state that I am a Task Force Officer, and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

_____
Task Force Officer, Darin Odier, FBI

**Sworn to before me, and subscribed in my presence**

May 26, 2016                          at    Indianapolis, Indiana
**Date**

Denise K. LaRue, U.S. Magistrate Judge                   _____
**Name and Title of Judicial Officer**                   Signature of Judicial Officer

I, Darin Odier, hereby depose and state as follows:

1. **Affiant**: I am a Detective in the Cybercrime Unit of the Indianapolis Metropolitan Police Department. I am also a cross designated Task Force officer assigned to the FBI the Indianapolis Violent Crimes Against Children Task Force.

2. **Experience**: I have over 25 years of law enforcement experience. I have investigated State and Federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have written numerous search warrants involving internet crimes against children cases and participated in their execution.

3. **Training**: I have attended the National Crimes Against Children Conference multiple times and attended numerous classes related to investigating the online sexual exploitation of children. I am also a member of the Indiana Internet Crimes Against Children Task Force, which includes numerous federal, state and local law enforcement agencies. I am currently assigned to operate in an undercover capacity on the Internet to identify and investigate persons attempting to exploit or solicit sexual acts with children or trafficking in child pornography. As a Task Force Officer, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

4. **Information provided**: The statements in this affidavit are based on information obtained from my observations and communications, as well as information learned from other law enforcement officers and witnesses.

1

Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, the Affiant has not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that James Kobi Pearson has violated the following statutes:

   a. Count 1, 18.U.S.C. § 2251(d): Noticing Or Advertising Child Pornography; and

   b. Count 2: 18.U.S.C. § 2252(a)(2): Distribution and Receipt of Child Pornography.

5. **Requested action**: I make this affidavit in support of an application for an arrest warrant and criminal complaint charging James Kobi Pearson, aka Kobi Pearson, with violating **18 U.S.C. §§ 2251(d) and 2252(a)(2)**.

6. **Noticing or Advertising Child Pornography**: The investigation also concerns alleged violations of **18 U.S.C. § 2251(d)** which generally prohibits a person from knowingly making, printing, or publishing, or causing to be made, printed, or published, any notice or advertisement seeking or offering (A) to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct; or (B) participating in any act of sexually explicit conduct by or with any minor for the purpose of producing a visual depiction of such conduct, if such person (A) such person knows or has reason

2

to know that such notice or advertisement will be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed; or (B) such notice or advertisement is transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed.

7. **Distributing and Possessing Visual Depictions of Minors Engaged in Sexually Explicit Conduct**: This investigation concerns also alleged violations of **18 U.S.C. § 2252(a)(2)**, which generally prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce.

8. **Definitions**:   The following definitions apply to this Affidavit:

9. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

10. The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

3

11. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

12. The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

13. The term "Internet Service Providers" (ISPs), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, email, remote storage, and co-location of computers and other communications equipment.

14. The term "Internet Protocol address" (IP address), as used herein, is a code made up of numbers separated by dots that identifies a particular computer on the Internet. Every computer requires an IP address to connect to the Internet. IP addresses can be dynamic, meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet.

15. "Omegle" is a free online chat website that allows users to socialize

with others without the need to register. The service randomly pairs users in one-on-one chat sessions where they chat anonymously. This website can be accessed through a mobile phone. Omegle is not headquartered in the State of Indiana.

16. "Dropbox" is a file hosting service operated by American company Dropbox, Inc., headquartered in San Francisco, California, that offers cloud storage, file synchronization, personal cloud, and client software. Dropbox allows users to create a special folder on their computers, which Dropbox then synchronizes so that it appears to be the same folder (with the same contents) regardless of which device is used to view it. Files placed in this folder are also accessible via the Dropbox website and mobile apps. A user of Dropbox can grant access to his / her Dropbox files, including by sending or posting a link to the specific files that the user for Dropbox wants to share.

17. **Detective Laura Smith**: Some of the information included in this affidavit I learned from Indianapolis Metropolitan Police Office Laura Smith. I have worked crimes against children investigations with Det. Smith and know that she has lead investigations that resulted in convictions of persons in both State and Federal court, including the southern district of Indiana.

18. **Overview of Specific Probable Cause:** Between March 2015 and May 2016, James Kobi Pearson distributed child pornography to other persons on multiple occasions, while also obtaining child pornography from them in exchange.

19. Pearson would make child pornography available to other persons

for downloading through Dropbox, a file storage website. To accomplish this, Pearson would send to these persons a hyperlink to a Dropbox account to allow them to download image and videos of child pornography from the Dropbox account storing the material.

20. **Cyber-Tip from NCMEC:** In April of 2016, Det. Smith received a cyber-tip report from National Center for Missing and Exploited Children (NCMEC) indicating that Dropbox, Inc. reported that a person using their services from the IP address of 104.5.164.168 on February 11, 2016 at 09:59:17 UTC uploaded 25 images and videos of confirmed child pornography. These images and videos depicted prepubescent children in a full state of nudity with exposed genitalia and/or in sex acts.

   a. The images were uploaded to a Dropbox account which utilized an email address and username know to the affiant, but which is not listed herein because the investigation of other persons is ongoing.

   b. On April 27, 2016, Det. Smith drafted a grand jury subpoena which was forwarded to the Internet Service Provider of AT&T. On May 6, 2016, Det. Smith received a subpoena response from AT&T which indicated the IP Address in question was connected to the AT&T service provided at the address of 7112 Cider Mill Circle, Apartment 2D, Indianapolis, Indiana 46226. That particular account was billed to "John Pearson," who lived at that same address.

   c. A check of Indiana Bureau of Motor Vehicle records revealed that John Pearson had a date of birth xx-xx-xxxx with an address of 7112 Cider

Mill Circle Apartment 2D, Indianapolis, In 46226.

d. On May 21st, 2016, a preservation request was sent to Dropbox, Inc./Dropbox.com to preserve the account pending further legal service.

21. **First Search Warrant – John Pearson:** On May 22, 2016, a search warrant was issued by Marion County Superior Court for the address of 7112 Cider Mill Circle, Apartment 2D, for the person of John Pearson, and for any vehicle controlled by John Pearson.

   a. On May 25th, 2016, at approximately 8:00 a.m., Det. Smith executed a search warrant at the address of 7112 Cider Mill Circle, Apartment 2D. While waiting for other personnel to arrive, Det. Laura Smith observed the subject of the warrant, John Pearson, as he left his apartment. Det. Smith detained John Pearson and transported him to the Indiana State Police Mobile Forensics Vehicle, which was located in the parking lot next to his apartment.

   b. **John Pearson's Interview:** At 8:33am, John Pearson was advised of his Miranda rights. John Pearson waived those rights, and he agreed to speak with investigators.

      i. During questioning, Pearson was cooperative and provided the passcode to his phone and said he never used the Dropbox app.

      ii. John Pearson said that his younger brother, who he identified as Kobi Pearson, b/m, dob xx-xx-xxxx, had lived at John Pearson's residence up until the end of February 2016. During that time,

Kobi Pearson lived with John Pearson and had access to John Pearson's router. It was on February 11, 2016 that Dropbox had reported to NCMEC regarding the child pornography activity from the IP address of 104.5.164.168.

iii. John Pearson said that he knew that Kobi Pearson had a prior investigation involving the exchange of sexually explicit images with an underage female in Connecticut. John Pearson said he wasn't sure exactly how the case ended, but the incident occurred while Kobi Pearson lived with their father in Fishers, Indiana.

iv. John Pearson said that he kicked his brother out of his apartment at the end of February, and Kobi Pearson was currently living with his mother, Denise Pearson, near the area of 62nd and Dean Road.

v. John Pearson also advised that Kobi Pearson drives an older model white vehicle, possibly a Buick, which may be registered to Denise Pearson.

vi. John Pearson provided the contact information for Kobi Pearson that was contained in John Pearson's phone, and we learned that there were two entries with cellular phones numbers 317-XXX-7790 and 812-XXX-4321 (partially redacted, but known to me).

c. **Additional Information on "Kobi Pearson:"** This affiant contacted

8

    Det. John Pirics of Carmel Police Department. Det. Pirics frequently investigates cases of child exploitation in Hamilton County. Det. Pirics confirmed that there was an investigation involving Kobi Pearson on April 21st, 2015 at the father's address, 10044 Deering Street, Fishers, Indiana.

    d. A check of Indiana BMV records for Kobi Pearson revealed a legal name of James Kobi Pearson, b/m, dob xx-xx-xxxx. The address listed is 10044 Deering Street, Fishers, Indiana.

    e. At 10:18 a.m., this affiant went by the address of 7505 Somerset Bay, Apartment A., in Indianapolis in the Southern District of Indiana. This was the listed address by the Indiana BMV for John Pearson's mother, Denise Pearson. Parked outside the apartment address was a 2002 White Buick with Indiana registration 362AUK. The vehicle is registered to James Kobi Pearson.

22. **Second Search Warrant**: A second search warrant was requested for the apartment at 7505 Somerset Bay, Apartment A, the person of James Kobi Pearson, and his registered vehicle, 2002 White Buick with Indiana license 362AUK. The warrant permitted search for and seizure of evidence of child pornography and/or child exploitation.

    a. The second search warrant was granted under Marion County Cause #49G011605MC020182 by Judge Angela Davis at approximately 12:03 p.m. An electronic signature was later sent via email.

b. At 12:05 pm, while I was waiting for confirmation that the warrant had been signed, this affiant observed a black male approach the white Buick. This affiant approached the male, who identified himself as James Kobi Pearson, and I engaged him in conversation.

c. I informed James Kobi Pearson that Det. Smith was presently seeking search warrants for his residence, vehicle and person, but he was not under arrest and was not being detained. I then read James Kobi Pearson his Miranda rights, and he verbally acknowledged understanding and being willing to speak with me.

d. **Interview with James Kobi Pearson:** I explained to Pearson that we were investigating internet activity. Pearson stated he was involved in something similar to that last year and assumed it was the same thing. When I asked Pearson to explain further, he stated that he and an underage female exchanged naked pictures last year and he'd gotten in trouble for it.

e. I asked Pearson if he currently had any "inappropriate" pictures of underage children currently on his phone and he acknowledged that he did. He identified the phone on the front passenger seat of the car as his and provided the phone number and passcode.

f. Pearson also stated that he used a Dropbox app on his phone to store images and videos of child pornography. Pearson stated that his sexual preference was "12 and up". Pearson said he used Omegle.com to find others with child pornography. Other Omegle users would send

10

      him links to Dropbox accounts containing images and videos of child pornography which he would then download into his Dropbox account.

g. Pearson admitted that he sent Dropbox links directed to child pornography to others on Omegle. He described it as "give one, get one".

23. **Kobi Pearson's Formal Interview**: Det. Smith arrived at the 7505 Somerset Bay address. The Indiana State Police Mobile Forensics Vehicle was also brought to this address. Kobi Pearson and Det Smith entered the vehicle for a formal interview that was recorded with audio and video. Det. Ginger Marshall took photographs of Kobi Pearson's vehicle and collected the cellular phone which Kobi Pearson had indicated to this affiant belonged to him.

a. Det. Smith read an Indiana Advice of rights form to Kobi Pearson. During the interview, Kobi Pearson said that he had a Dropbox account and admitted that it contained child pornography.

b. Kobi Pearson said that he would often visit Omegle.com on his phone and enter the search terms "STR" which he explained meant "send to receive". Pearson said that he learned that this was the way that he could obtain images and videos from others via Omegle.

    i. Kobi Pearson said that he would enter the "STR" into a chat stream and another user of Omegle would send him a Dropbox.com link.

11

ii. Kobi Pearson said that he would click on the link that had been sent to him and he would then be linked to the other user's Dropbox account.

iii. Kobi Pearson said that he would then review the contents of the linked Dropbox account and he would download the various images and videos and place them into his Dropbox account.

iv. Kobi Pearson also admitted that he would send links to Dropbox to other users via Omegle.

v. Kobi Pearson said that occasionally he would simply cut and paste other users Dropbox links into the messages instead of using his own.

vi. Kobi Pearson would check his own Dropbox account after he had downloaded images from other Omegle users, and he would delete the images and videos in which he was not interested.

vii. While talking about the images and videos, James Kobi Pearson admitted that he knew that the images and videos he kept in his Dropbox were of child pornography. He also admitted that he masturbated to the images and videos.

viii. When asked about adult pornography, Kobi Pearson admitted that his collection was mostly of child pornography. Kobi Pearson said that he knew that he had a problem with child pornography and that he has sought treatment in the past for it.

    ix. Kobi Pearson said that he had gone for several months without a cellular phone that was capable of accessing the internet, but eventually he got another phone that could access the Internet.

    x. After getting the phone, he said that he continued with the addiction and often visits another site known as 4Chan and Motherless.com. He admitted that he searched for the term "jail bait" on the sites. The sites mentioned by the defendant are known to this affiant as sites frequented by those seeking child pornography.

24. Sgt. Jennifer Barnes of the Indiana State police performed a forensic on-scene triage of the ZTE cell phone, model Z812 belonging to James Kobi Pearson. A Dropbox app was located on the phone, with a second associated email at aol.com

25. Det. Ginger Marshall searched James Kobi Pearson's vehicle and located a black Sandisk thumb drive in the console of the vehicle. An on-scene forensic examination of the thumb drive by Det. Patrick Deckard revealed several images and videos of child pornography. Det. Deckard advised that the thumb drive showed files that had recently been accessed in the last 5 days.

26. James Kobi Pearson admitted that the thumb drive belonged to him and it contained child pornography. A forensic review of the thumb drive showed multiple files of child pornography including the following files names with descriptions added by this affiant:

a. **homesin21.jpg** A series of 4 images of the same prepubescent female standing fully nude with her pubic or vaginal area exposed. Across the top of the image is the word PEDOTOPIA.

b. **92.jpg** An image of a prepubescent female, nude, holding an adult penis against her face with what appears to be ejaculate on her lips and chin.

c. **The girl which would always be desirable9.mpeg** Video of a minor female performing oral sex on an adult male. He ejaculates in her mouth and on her chest as she gags multiple times.

27. Pearson provided written consent for law enforcement to access to take control of his Dropbox.com with the account at aol.com. A triage review of the files in James Kobi Pearson's Dropbox account show a folder entitled "kids". The contents of this file contain the following videos

a. **Video Aug 26, 3 31 15 AM.mpeg** A video of a minor female performing oral sex on an adult male. The video is recorded from the perspective of the male. He ejaculates on her face after she attempts to cover her face with her hands.

b. **Video Jul 22, 6 56 21 PM** A video of a minor nude female licking the vaginal and anal area of another nude minor female. The camera moved to record different angles.

28. James Kobi Pearson used means of interstate and foreign commerce to publish notices seeking child pornography within the Omegle chat site and using Dropbox. Neither the thumb drive nor the cell phone which

were used by James Kobi Pearson to store child pornography were manufactured in the State of Indiana.

29. James Kobi Pearson was, at all relevant periods, a resident of the Southern District of Indiana.

30. **Brother Not Involved in Criminal Activity**: Finally, Pearson stated that he did not specially remember the first email address (not at aol.com) and username described above, but stated he created too many accounts to remember. He also stated that he, not his brother, was using Dropbox to save and share child pornography through his brother's Internet service at the time of the cyber tip in February 2016. He brother was not involved in the criminal activity.

31. **Conclusion**: Based upon the contents of this Affidavit, I respectfully request that the Court issue an arrest warrant and criminal complaint for the offenses listed above.

Darin Odier
Task Force Officer


Subscribed and sworn before me this 26th day of May 2016.

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana